## Roskos v. George

188

*Charles R. Pedri,* for plaintiffs.

*James V. Senape,* for defendant Thomas George Jr.

*Anthony C. Falvello,* for additional defendant Julia Allen.

CAPPELLINI, *J.,* February 28, 1991—Before this court are the preliminary objections of defendants, Thomas George Jr. and Julia Allen, to plaintiffs' amended complaint.

## History

On October 14, 1988, plaintiffs/appellants brought this action alleging that on or about July 2, 1979, they entered into a written real estate sales contract with defendant, Thomas George Jr., individually and as remaining partner of Lehigh Land and Sales Company, for the purchase of Lot F-1 in Terrace Manor Development, Butler Township, Luzerne County, Pennsylvania. On March 1, 1989, appellants amended their complaint to add the additional defendant, Julia Allen, alleging that appellee Allen was a partner of Lehigh Land and Sales Company.

The sales contract placed the burden on appellants to secure a permit for an individual sewage system for Lot F-1.

On or about August 7, 1979, appellees George and Allen, trading and doing business as Lehigh Land and Sales Company, executed a deed which, in consideration for the sum of $7,000, conveyed Lot F-1 to appellants.

On August 17, 1979, Philip Jackson, sewage enforcement officer for Butler Township, granted to appellants a permit for an on-lot sewage disposal system. This permit was valid for a two-year period. Appellants apparently allowed this permit to expire.

Appellants alleged that they subsequently applied for another on-site septic permit due to the expiration of the first permit. On December 1, 1987, Mark E. Ferdinand, Sewage Enforcement Officer for Butler Township, denied appellants a permit for an on-lot sewage system for Lot F-1. Further, by letter dated December 1, 1987, Mr. Ferdinand notified appellants they had 30 days on receipt of the letter to request a hearing before the Butler Township supervisors.

Apparently, appellants never requested a hearing before the Butler Township supervisors. Instead, appellants filed this action approximately 10 months after their permit was denied, alleging their property was uninhabitable and that there was no fair market value for their property.

On September 14, 1990, this court issued its order granting appellee George's and appellee Allen's preliminary objections and dismissing appellants' complaint. Appellants appealed this order.

### Law and Discussion

Counts I and II of appellants' complaint sound in contract. Count I alleges that appellees breached an

express warranty of habitability; count II alleges appellees breached an implied warranty of merchantability and habitability.

Count III of appellants' complaint alleges appellees acted negligently in failing to properly and adequately inspect and test the property before selling it to appellants.

It is apparent from reviewing the facts of this case that the sewage permit was a condition precedent to the purchase of Lot F-1. However, this court finds that the condition was met by the parties. In fact, as appellants admit in their complaint, they secured a valid permit for an on-lot sewage disposal system at/or about the same time that they signed the sales contract and received the signed deed. At that time, appellees fulfilled their contractual obligations to appellants concerning the sewage permit. Appellants chose to not build on Lot F-1 until many years after the acceptance of the deed on August 7, 1979, and until after their first sewage permit had expired. Appellants were well aware that their sewage permit would expire after two years. The general rule in Pennsylvania is that "the acceptance of a deed in pursuance of an agreement of sale is a satisfaction of all previous negotiations and covenants, and in the absence of fraud or imposition, a purchaser will not be entitled to a rescission of the contract and a cancellation of the deed." *Namey v. Black*, 367 Pa. 523, 525, 80 A.2d 744, 746 (1951). In sum, the condition precedent—securing a sewage permit—was met.

Therefore, this court rules in favor of appellees' demurrer to counts I and II in that appellants failed to state a claim as a matter of law.

Next this court finds appellees were not negligent as alleged in count III of appellants' complaint. In fact, in the agreement of sale, paragraphs 9 and 27

specifically place the burden on the purchaser to contact the appropriate sanitary enforcement officer and to obtain the sewage system permit. Appellees did not have this contractual obligation under the sale contract, and this court is, therefore, hard-pressed to find any negligence on behalf of appellees. Again, it should be noted that appellants fulfilled their obligations by applying for, and securing, a sewage system permit, as a condition precedent to the sales agreement.

For these reasons, this court rules in favor of appellees' demurrer to count III in that appellants failed to state a claim as a matter of law.

Next, this court dismisses appellants' complaint because appellants failed to exhaust their administrative remedies before filing their complaint.

The record indicates that on December 1, 1987 (more than eight years after the purchase of Lot F-1 and the securing of the first sewage system permit), Mr. Ferdinand denied appellants a permit for an on-lot sewage system, and also notified appellants, in writing, that they had 30 days to request a hearing before the appropriate board of supervisors. Appellants made no averments whatsoever that they exhausted this administrative remedy. It has been held that a party must exhaust all available administrative remedies before there arises a right of judicial review. *Killian v. Commonwealth, Unemployment Comp. Bd. of Review,* 46 Pa. Commw. 219, 405 A.2d 1372 (1979).

Finally, appellants' complaint must fail in that neither the agreement of sale, nor the deed, contain an express warranty of habitability and Pennsylvania law does not recognize an implied warranty of habitability with regard to a vacant lot.

Appellants rely on the Pennsylvania case of *Elderkin v. Gaster,* 447 Pa. 118, 288 A.2d 771 (1972), in

which the court held that the builder-vendor breached an implied warranty of habitability in selling a lot without a potable water supply. However, this court finds appellants misapply *Elderkin* to the instant case for the following reasons. First, in *Elderkin,* the buyers contracted with the seller wherein the seller would construct a home on the buyer's lot. The construction contract stated, under the heading "plumbing," that the water supply would be by individual private system. The buyers took possession of the home on June 1, 1963, and the well and water supply to the home was completed on June 17, 1963. However, shortly thereafter, the buyers had their water tested and immediately determined that their water was contaminated and not "potable" water as part of their sales agreement with the seller.

In contrast, in the instant case, this court noting that all well and clearly pled material, factual averments, and all inferences fairly deducible therefrom are admitted as true, the appellants did not contract with appellees to have appellees build a home on Lot F-1. The agreement of sale was solely for the sale of Lot F-1 for residential purposes. More importantly appellants immediately secured a permit for an individual sewage system. Therefore, appellants cannot claim that an implied warranty of habitability was breached, as Lot F-1 was habitable at the time of their purchase.

Thus, this court distinguishes this case from *Elderkin,* and refuses to extend *Elderkin* to the instant matter. For these reasons, this court rules in favor of appellees' demurrer and finds no breach of any express warranty of habitability nor a breach of any implied warranty of habitability with regards to Lot F-1.

*Conclusion*

This opinion is filed in support of order issued September 14, 1990, copy of which is attached hereto.

## ORDER

Following review of defendant Thomas George Jr.'s preliminary objections to plaintiffs' complaint and brief in support; plaintiffs' amended complaint; defendant Thomas George Jr.'s preliminary objections to amended complaint and brief and supplemental brief in support; defendant Julia Allen's preliminary objections to plaintiffs' amended complaint and brief in support; and following oral argument, it is hereby ordered, adjudged and decreed:

(1) Defendant Thomas George Jr.'s preliminary objections to plaintiffs' amended complaint are granted.

(2) Defendant Julia Allen's preliminary objections to plaintiffs' amended complaint are granted.

(3) Plaintiffs' amended complaint is dismissed.