637 A.2d 699

**COUNTY OF DAUPHIN, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 17, 1993.

Decided Jan. 25, 1994.

Jeffrey L. Troutman, Asst. Sol., for petitioner.

Judith Gilroy, Asst. Counsel and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

The County of Dauphin (Employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's decision granting a petition for benefits filed by Susan M. Price–Young (Claimant). The issues presented to this Court are whether the Board's determination that Claimant is not disqualified from receiving benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e), is erroneous because Claimant's conduct constitutes willful misconduct;[1] whether the Board's findings of fact are not supported by substantial evidence because the Board relied upon testimony of a prison inmate serving time for crimen falsie crimes; and whether the taking of testimony of a prisoner by telephone constitutes error and a violation of Employer's due process rights because the referee cannot observe the demeanor of the prisoner.

Claimant was last employed as a corrections officer at the Dauphin County Prison from December 1989 until her discharge on October 18, 1991. At the hearing before the referee, Custody Major/Investigator Leonard K. Carroll testified that Claimant was discharged for failing to come to the aid of a fellow employee in an emergency. Corrections officer

1. Section 402(e) provides that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to discharge or temporary suspension from work for willful misconduct connected with his or her work.

Janet McEnany testified that on September 21, 1991, she was scratched with a pen during a confrontation with an inmate and that Claimant did not assist her and stood nearby with her hands in her pockets during the confrontation. Two other corrections officers testified that Claimant stood with her hands in her pockets during the confrontation, which they perceived as an emergency.

Claimant testified that the inmate became angry when Claimant tried to lock her in a cell and McEnany then entered the cell block and pushed the inmate. Claimant stated that McEnany did not require her help or activate her body alarm and Claimant did not think McEnany needed assistance because the inmate started walking toward the door and made no threatening gestures. Further, Claimant watched the other inmates in the area and covered McEnany's and another officer's backs during the incident, and the inmate was ultimately calmed down and returned to her cell by McEnany and the other officer. A former inmate, Mary Ford, testified that after the confrontation, she heard McEnany and the other officer say that Claimant "had to go."

At the initial hearing, the referee denied Claimant's request to subpoena additional witnesses and determined that Claimant was eligible for benefits. The Board resolved conflicts in the evidence in favor of Employer's witnesses, concluded that Claimant committed willful misconduct, and reversed the referee's order. Claimant appealed to this Court, and upon agreement of the parties the Court remanded the case to the Board to schedule another hearing for additional eyewitness testimony and reconsideration of the Board's decision. *Price v. Unemployment Compensation Board of Review* (No. 1107 C.D.1992, filed September 1, 1992).

On remand, Claimant presented the testimony of Stephanie Waters–Singleton, who testified by telephone because she was incarcerated at the State Correctional Institution at Muncy which is more than fifty miles from the location of the hearing. Waters–Singleton testified that she was an inmate at the

Dauphin County Prison at the time of the incident and saw McEnany attempt to push the inmate into the cell; the inmate did not make any threatening gestures toward McEnany; and Claimant stood nearby watching the incident which ended when another officer spoke to the inmate. Waters–Singleton further testified that several days after the incident she overheard McEnany and the other officer talk about making up a story to "burn" Claimant.

After the hearing, the Board reversed its previous credibility determinations and found that Claimant remained nearby and watched the other inmates during the incident; she did not use more force because she believed that the inmate could be reasoned with verbally; McEnany did not activate her body alarm or ask Claimant for assistance; and the incident ended when other officers entered the cell block, spoke to the inmate, and locked her in the cell. The Board determined that Claimant did not deliberately violate Employer's policy concerning assistance to fellow officers in emergencies and concluded that Claimant did not commit willful misconduct.[2]

On appeal to this Court, Employer contends that the Board's determination that Claimant did not commit willful misconduct is erroneous because the evidence established that Claimant violated Employer's rule requiring a corrections officer to come to the aid of a fellow officer in an emergency. An employer bears the burden of proving willful misconduct. *Green v. Unemployment Compensation Board of Review*, 61 Pa.Commonwealth Ct. 231, 433 A.2d 587 (1981). Whether an employer has established that a claimant has committed willful misconduct is a question of law subject to this Court's review. *Browning–Ferris Industries of Pennsylvania, Inc. v. Unem-*

---

**2.** This Court's scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

*ployment Compensation Board of Review,* 93 Pa.Common-wealth Ct. 460, 501 A.2d 711 (1985).

The term willful misconduct is not defined in the Law; however, this Court has determined that such conduct must evidence:

> (1) the wanton and wilful disregard of the employer's inter-est, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa.Commonwealth Ct. 90, 97, 309 A.2d 165, 168–69 (1973).

■ The Board's determination that Claimant did not delib-erately violate Employer's work rule is supported by its findings that McEnany did not use her body alarm or request assistance; Claimant remained nearby and watched the other inmates; she believed that the inmate could be reasoned with verbally and that force was not necessary; and the incident ended when a third officer spoke to the inmate. Although Employer argues that its evidence establishes a deliberate violation of Employer's rule, the Board expressly rejected Employer's evidence and this Court cannot disturb the Board's resolutions of evidentiary conflicts. *Peak v. Unem-ployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985).

■ Employer maintains that the Board's findings of fact are not supported by substantial evidence and argues that the Board should not have reversed its initial credibility determi-nations by accepting Waters–Singleton's testimony which, ac-cording to Employer, was "more questionable" than the testi-mony of former inmate Ford who the Board initially disbe-lieved. Employer's arguments regarding Waters–Singleton's testimony are challenges to the Board's credibility determina-

tions in favor of Claimant and are beyond this Court's purview. *Peak.*

■ Finally, Employer argues that the referee committed an error of law and violated its due process rights by allowing Waters–Singleton to testify by telephone because her "questionable credibility" made it necessary that she be present to allow the referee to observe her demeanor, assess her credibility, and to assure Employer adequate cross-examination.[3] Employer does not contend that the referee violated the Board's regulations concerning the taking of testimony by telephone. Furthermore, the law is well-settled that the Board, as the ultimate factfinder, need not observe the demeanor of witnesses in order to make credibility determinations. *Peak.* Since Waters–Singleton was incarcerated more than fifty miles from the place of the hearing, the referee properly allowed her to testify by telephone. Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 25th day of January, 1994, the order of the Unemployment Compensation Board of Review is affirmed.

---

**3.** Employer cites *Knisley v. Unemployment Compensation Board of Review*, 93 Pa.Commonwealth Ct. 519, 501 A.2d 1180 (1985), in which the Court noted potential abuses inherent in telephonic hearings, including witnesses misrepresenting their identities or referring to notes or records not in evidence or disclosed to the parties. Since the decision in *Knisley*, the Board has adopted regulations found at 34 Pa.Code § 101.-122 which provide that a witness may testify by telephone if located in excess of fifty miles from the place of hearing.