**Eileen R. DiJOHN, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 9, 1996.
Decided Jan. 23, 1997.
As Amended Feb. 10, 1997.

Patricia Cunningham, Philadelphia, for petitioner.

Norina K.S. Stone, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Jayne M. Billinson, Philadelphia, for intervenor.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

FLAHERTY, Judge.

Eileen DiJohn (Claimant) appeals from the March 1, 1996, decision of the Unemployment Compensation Board of Review (Board) which dismissed her appeal as untimely, and affirmed the referee's decision in denying unemployment compensation based on a finding of willful misconduct. Blackburn and Michelman, P.C. (Employer), as intervenor, filed a motion to dismiss Claimant's petition for review pursuant to Pa. R.A.P. 1972(5).[1]

Claimant worked for Employer for nine months during which time she was consistently late for work. Eventually, Employer terminated Claimant, and Claimant applied for unemployment compensation benefits. After a hearing on the matter, the referee found that Claimant was terminated because of her attendance problems. The referee denied benefits finding that Claimant committed willful misconduct. The following pertinent findings of fact from the Board's March 1, 1996, decision best summarize the chronology after the November 8, 1995, mailing of the referee's decision:

 8. The claimant's appeal from the Referee's decision, in order to be timely, had

to have been filed on or before November 27, 1995.[2]

 9. Initially claimant's counsel filed an appeal from the Referee's decision to the Commonwealth Court, not the UCBR. The date of this filing is not clear from the record.

 10. Claimant's counsel filed a brief in support of her appeal to the Commonwealth Court and sent copies of same to employer and the UCBR.

 11. The copies of claimant's brief arrived at the UCBR in an envelope postmarked November 28, 1995.

 12. Claimant's counsel was advised by letter from the Board dated December 1, 1995, that there was no record of an appeal, filed from the Referee's decision to the UCBR.

 13. Subsequently, on December 6, 1995, claimant's counsel filed with the UCBR an appeal from the Referee's decision.

 14. On February 1, 1996, a hearing was held for the purpose of obtaining testimony regarding the timeliness of claimant's appeal.

 15. At the hearing on February 1, 1996, neither claimant nor her counsel appeared; only employer's witness attended the hearing and offered testimony.

 16. The employer [sic] was not misinformed or misled by the unemployment compensation authorities concerning her right to appeal.

 17. The claimant's filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or the non-negligent conduct of a third party.

---

1. This rule states that any party may move "[t]o dismiss for failure to preserve the question below, or because the right to an appeal has been otherwise waived."

2. The date of mailing of the referee's decision was November 8, 1995. Claimant's appeal was due within fifteen (15) days, which was Thurs-

day, November 23, 1995. However, that was Thanksgiving Day. The Bureau's offices were closed on that day as well as on November 24, 1995, the following Friday. As such, Claimant's last day to appeal was Monday, November 27, 1995. By either date, however, Claimant's December 8, 1995, appeal is untimely.

(March 1, 1996, Board decision at 1—2.) The Board dismissed Claimant's appeal to it from the referee's decision as untimely.

■ On appeal to this court, Claimant questions whether her conduct rose to the level of willful misconduct and whether the Board erred in dismissing her appeal as untimely. Employer filed a motion to dismiss Claimant's petition, averring she failed to preserve the issues for appeal. We first address the timeliness of Claimant's appeal to the Board.[3]

■ Claimant's appeal from the referee's decision, although required to be filed within fifteen days from November 8, 1995, the date of mailing, was not filed until December 6, 1995. Under Section 501(e) of the Unemployment Compensation Law (Law),[4] unless an interested party "files an appeal with the Board ... within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department ... shall be final...." 43 P.S. § 821(e). The requirement that an appeal be filed within fifteen days is jurisdictional and precludes the Board from further considering a matter. *Gannett Satellite Information Network, Inc. v. Unemployment Compensation Board of Review,* 661 A.2d 502 (Pa.Cmwlth.1995). Moreover, a hearing was scheduled before the Board on February 1, 1996, for the purposes of obtaining testimony regarding the timeliness of Claimant's appeal from the referee. Claimant failed to appear at this hearing.

■ Claimant argues that the error by her counsel in designating her appeal to this court, as opposed to the Board, was inadvertent and should not be cause to disallow Claimant to fully exercise her rights under the Law.[5] Claimant, in essence, avers that her appeal from the referee's decision to this court operates as a timely appeal to the Board. Under Section 5103(a) of the Judicial Code (Code):

> if an appeal or other matter is taken to or brought in a court ... which does not have jurisdiction of the appeal ... the court ... shall transfer the record thereof to the proper tribunal ... where the appeal ... shall be treated as if originally filed in the transferee tribunal on the date when the appeal ... was first filed....

42 Pa.C.S. § 5103(a). A tribunal is defined under Section 102 of the Code, 42 Pa.C.S. § 102, as "[a] Court, district justice or other judicial officer vested with the power to enter an order in a matter. The term includes a governmental unit, other than the general assembly and its officers and agencies, where performing quasi-judicial functions."

Although this section seems applicable to the present matter, in Section 5103(d) of the Code, 42 Pa.C.S. § 5103(d), the legislature has specifically defined a tribunal as "a court or district justice or other judicial officer of this Commonwealth vested with the power to enter an order in a matter, the Board of Claims, the Board of Property, the Office of Administrator for Arbitration Panels for Health Care and any other similar agency." In essence, the legislature limits application of "tribunal" to agencies similar to the Board of Claims, the Board of Property and the

---

3. Our standard of review is whether the Board's findings of fact are supported by substantial evidence, whether constitutional rights were violated or whether an error of law was committed. *County of Dauphin v. Unemployment Compensation Board of Review,* 161 Pa.Cmwlth. 474, 637 A.2d 699, n. 2 (1994).

4. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 821(e).

5. Although Claimant did not raise the issue of whether, even if the Board's determination was correct that her appeal was untimely, she was entitled to an appeal *nunc pro tunc,* we note for the record that this argument would fail. Be-

cause the appeal provisions of the Law are mandatory, a claimant carries the burden to justify an untimely appeal. Substantial evidence of record supports the Board's Finding of Fact No. 17 that "[t]he claimant's filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or the non-negligent conduct of a third party." Moreover, this court has previously held that the simple failure by a party or her attorney to appeal as statute requires does not provide cause for allowing a late appeal. *Wertman v. Workmen's Compensation Appeal Board (American Nickeloid Co.),* 57 Pa.Cmwlth. 169, 426 A.2d 205 (1981).

**1216**

Office of Administrator for Arbitrator Panels for Health Care. *Barner v. Board of Supervisors of South Middleton Township*, 113 Pa. Cmwlth. 444, 537 A.2d 922 (1988). The *Barner* court noted that these Commonwealth agencies have state-wide jurisdiction and "the original jurisdiction of each of these tribunals involves subjects which one would traditionally identify with the judiciary.... In short, the tribunals included in the definition of Section 5103(d) are Commonwealth agencies which deal with subjects which are also, in other circumstances, within the original jurisdiction of courts." *Id.* 537 A.2d at 925—926 (footnotes omitted.)

In *Carolina Freight Carriers Corp. v. Workmen's Compensation Appeal Board (Armitage)*, 137 Pa.Cmwlth. 85, 585 A.2d 555 (1990), *petition for allowance of appeal denied*, 528 Pa. 632, 598 A.2d 285 (1991), this court held that the Workmen's Compensation Appeal Board (WCAB) is not a tribunal. This court noted that the WCAB, while a Commonwealth agency with statewide jurisdiction, does not exercise original jurisdiction involving subject matters which are also, in other instances, within the original jurisdiction of the courts. Here too, although the Board is a Commonwealth agency with statewide jurisdiction, it does not exercise jurisdiction over subject matters which are also within the original jurisdiction of the courts. As such, the Board is also not a tribunal.

As we hold the Board is not a tribunal, Claimant's appeal cannot be treated as if originally filed in the transferee tribunal on the date when the appeal was filed with this court. Therefore, the Board did not err in dismissing her appeal.

Accordingly, the decision of the Board is affirmed.[6]

### ORDER

NOW, January 23, 1997, the March 1, 1996, decision of the Unemployment Compensation Board of Review is affirmed. The motion to dismiss under Pa. R.A.P. 1972(5),

---

6. As we affirm the Board's dismissal of Claimant's petition as untimely, we need not address Employer's motion to dismiss under Pa. R.A.P.

---

filed by Blackburn and Michelman, P.C., is dismissed.

1972(5), or the merits of whether Claimant's conduct amounted to willful misconduct.