**Kenneth COUNSEL, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 3, 1997.

Decided Feb. 28, 1997.

Danny Elmore, Philadelphia, for petitioner.

Norina K.S. Stone, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before PELLEGRINI and FLAHERTY, JJ., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Before us for disposition is the Unemployment Compensation Board of Review's motion to quash Claimant Kenneth Counsel's petition for review to this Court from a decision of an unemployment compensation referee. Pursuant to section 5103 of the Judicial Code, we can transfer erroneously-filed appeals to a tribunal.[1] The issue presented in this case is whether we should transfer the erroneously-filed appeal to the Board as a tribunal or whether we should grant the motion to quash because Claimant failed to exhaust his administrative remedies by failing to appeal first to the Board. We conclude that the Board is not a tribunal and, therefore, grant the Board's motion to quash Counsel's petition for review.

On May 29, 1996, an unemployment compensation referee issued a decision therein determining that Claimant was ineligible for benefits due to willful misconduct. On June 14, 1996, Claimant's attorney filed a petition for review with this Court from the referee's decision. No appeal of the referee's decision was ever filed with the Board.

On August 12, 1996, the Board filed a motion to quash Claimant's petition on the grounds that he failed to exhaust his administrative remedies by failing to file an appeal to the Board as required under section 502 of the Unemployment Compensation Law

---

1. If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed....
42 Pa.C.S. § 5103.

(Law).[2] In his October 15, 1996 response in opposition to the motion, Claimant requests that we either (1) consider the referee's order to be the "final" order as an appeal therefrom would have been fruitless; or (2) deem his appeal to this Court as timely filed and transfer the case to the Board because Board employees misled him regarding his appeal.

■ Section 502 of the Law provides that the referee's decision shall be deemed the final decision of the Board unless an appeal is filed therefrom or the Board acts on its own motion and orders a review of the referee's decision. 43 P.S. § 822. In *Killian v. Unemployment Compensation Board of Review*, 46 Pa.Cmwlth. 219, 405 A.2d 1372 (1979), we interpreted the meaning of a referee's decision being deemed "final."

In *Killian*, the claimant similarly filed a petition for review of a referee's order with this Court and failed to seek review before the Board. We granted the motion to quash, stating that a claimant must exhaust his administrative remedy by seeking Board review of an adverse referee determination before seeking judicial review. In so doing, we noted that the purpose of a "deemed" final decision

> is to afford finality to the referee's determination but [that] such "deemed" finality does not vitiate one's duty to seek Board review of the referee's determination as an administrative remedy to be exhausted before the matter is ripe for judicial review.

*Id.,* 405 A.2d at 1374. We further noted that

> [i]f a person aggrieved by a referee's determination could directly seek judicial review without first seeking Board review by the expedient of doing nothing until fifteen days after the referee's determination, the Board's quasi-judicial role in the administrative review process if not totally frustrated would be seriously proscribed at the option of the disappointed litigant. The

legislature could not have intended such a result.

*Id.* at 1375.

■ Accordingly, we reject Claimant's argument that we should excuse his failure to appeal to the Board on the theory that the referee's decision was "final." Thus, we turn to Claimant's request that we deem his appeal as timely filed and transfer his appeal to the Board.

In 1982, the General Assembly amended section 5103 to include a definition of "tribunal:"

> As used in this section "tribunal" means a court or district justice or other judicial officer of this Commonwealth vested with the power to enter an order in a matter, the Board of Claims, the Board of Property, the Office of Administrator for Arbitration Panels for Health Care and *any other similar agency.*[3]

42 Pa.C.S. § 5103(d) (emphasis added). Factors that we have considered in determining whether an agency is a tribunal are whether it is a Commonwealth agency with statewide jurisdiction and whether its original jurisdiction involves subjects that are traditionally identified with the judiciary, i.e. subjects that are also in other instances within the original jurisdiction of the courts. *Meck v. Carlisle Area School District,* 155 Pa.Cmwlth. 469, 625 A.2d 203 (1993).

Here, the Board argues that it is not a tribunal or "any other similar agency" under section 5103. It cites *Carolina Freight Carriers Corp. v. Workmen's Compensation Appeal Board (Armitage),* 137 Pa.Cmwlth.85, 585 A.2d 555 (1990), *petition for allowance of appeal denied,* 528 Pa. 632, 598 A.2d 285 (1991) in support of its argument.

In that case, the party similarly filed an appeal to this Court from a *workers'* compensation judge's opinion without first appealing to the Board. We held that, "[a]lthough the Board qualifies as a Commonwealth agency with state-wide jurisdiction, it would not appear to exercise the type of jurisdiction

---

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 822.

3. *See* 1 G. Ronald Darlington, et al., Pennsylvania Appellate Practice, sec 10:15 (2d ed. 1996) for a discussion of the meaning of "any other similar agency" in other contexts.

which would lead to its classification as an agency similar to those listed in Section 5103(d)." *Id.,* 585 A.2d at 559. Thus, we concluded that our Court did not have authority to transfer the appeal to the Board.

In *DiJohn v. Unemployment Compensation Board of Review,* 687 A.2d 1213 (Pa. Cmwlth.1997), another case in which a claimant erroneously appealed from an *unemployment* compensation referee's decision directly to this Court, we relied upon *Carolina Freight* and held that the Unemployment Compensation Board of Review was not a tribunal. We noted that, although the Unemployment Compensation Board of Review is a Commonwealth agency with statewide jurisdiction, it does not exercise jurisdiction over subject matters which are also within the original jurisdiction of the courts. *DiJohn,* 687 A.2d at 1215–16. A brief explanation of the procedure by which unemployment compensation claims are processed illustrates the Board's specific role in unemployment compensation law and the reasons why unemployment compensation is not a subject traditionally associated with the judiciary.

In 1936, the General Assembly passed the Unemployment Compensation Law thereby establishing a system of unemployment compensation to be administered by the Department of Labor and Industry. The Law "calls for the compulsory 'setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own.' " *Morrison v. Department of Corrections,* 659 A.2d 620, 623 (Pa.Cmwlth. 1995).

The administrative structure for adjudicating claims for unemployment compensation includes local Offices of Employment Security (OES), unemployment compensation referees and the Unemployment Compensation Board of Review. The process begins when a claimant makes a valid application for benefits, defined in section 401(c) of the Law,[4] with his respective OES. After, inter alia, interviewing the claimant and sending out a notice to claimant's base year employer,[5] the OES then makes an initial determination as to eligibility for benefits. An appeal from an OES determination is filed with an unemployment compensation referee. 43 P.S. § 821. The Unemployment Compensation Board of Review considers appeals from decisions of referees. 43 P.S. § 822.

With regard to the Board, the General Assembly has provided in section 203 of the Law that "[i]t shall be the duty of the board to hear appeals arising from claims for [unemployment] compensation, adopt, amend or rescind such rules of procedure, undertake such investigations, and take such action required for the hearing and disposition of appeals as it deems necessary and consistent with this act." 43 P.S. § 763(d). This Court has exclusive jurisdiction of appeals from final orders of the Board. 42 Pa.C.S. § 763.

This four-tier process for adjudicating unemployment compensation claims is the exclusive procedure for claimants seeking unemployment compensation benefits under the Law. Thus, we reiterate that unemployment compensation is not a subject traditionally identified with the judiciary or a subject which, in other instances, comes within the original jurisdiction of the courts. In addition, as we decided in *DiJohn,* the Unemployment Compensation Board of Review would not appear to exercise the type of jurisdiction which would lead to its classification as an agency similar to those enumerated in section 5103(d) of the Judicial Code.

■ We briefly consider Claimant's argument that this Court should grant his request for allowance of appeal nunc pro tunc. As grounds for his request, Claimant alleges that he relied upon the erroneous advice of Board employees and that an employee gave him the wrong forms with which to appeal from the referee's order. Claimant then gave the forms to his attorney and the attorney, attaching the referee's decision to the

---

**4.** 43 P.S. § 801(c).

**5.** A base year employer is defined as any employer who paid wages to claimant during the first four of his last five completed calendar quarters prior to the claim. Section 4(a) of the Law, 43 P.S. § 753(a).

petition for review, filed the appeal from the referee's decision to this Court.[6]

Just as Claimant should have appealed the referee's order to the Board, he should have applied to the Board for permission to file an appeal nunc pro tunc from the referee's order. *See* 34 Pa.Code § 101.61 (Board's regulation governing its consideration of timeliness issues.) Once an order granting or denying that request would have been issued, then an appeal could have been taken to this Court from that order. *E.g. United States Postal Service v. Unemployment Compensation Board of Review,* 152 Pa.Cmwlth. 603, 620 A.2d 572 (1993) (we considered the issue of whether the Board erred in sustaining the referee's determination that the employer's appeal was untimely and that there was no basis for allowance of an appeal nunc pro tunc.) Thus, Claimant not only failed to exhaust his administrative remedies with regard to an appeal on the merits, but also with regard to his request for allowance of an appeal nunc pro tunc.

For the above reasons, we grant the Unemployment Compensation Board of Review's motion to quash Claimant Kenneth Counsel's petition for review to this Court.

### ORDER

AND NOW, this 28th day of February, 1997, respondent's motion to quash the petition for review in the above-captioned matter is hereby granted.

---

**6.** Even though the attorney attached the referee's May 29, 1996 decision to the petition, the attorney requested that we review and set aside the order of the Board. As we noted above, Claimant never filed an appeal with the Board.