595 A.2d 229

**Mary Jo DEEP, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 19, 1991.

Decided July 9, 1991.

Mary Jo Deep, pro se.

James K. Bradley, Pittsburgh, for respondent.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Mary Jo Deep (Deep) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of the referee denying trade readjustment allowance (TRA) benefits.[1] Before addressing Deep's TRA claim, it is necessary to relate the history of her claim for unemployment compensation.

Deep was employed by Shenango China (Employer) for a period of six (6) years prior to December 1986. During her employment she was a member of United Steel Workers of America, Local 3125.

On December 9, 1986, Deep incurred a work-related injury.[2] At the same time Deep was pregnant. On December 15, 1986, Deep was granted a maternity leave of absence which was scheduled to expire upon being released by her physician following the birth of the child.

Following December 15, 1986, at a time not revealed in the record, Deep, by agreement, was awarded workmen's compensation benefits for total disability resulting from her work-related injury. Following her last day of work, Deep was under the care of an obstetrician for her pregnancy and an orthopedic surgeon for her work-related injury.

Deep's child was born on July 4, 1987 and her obstetrician gave her a written release, for return to work, effective August 25, 1987. The labor-management agreement between the Employer and her union required that an employee return to work within five (5) consecutive working days

1. Benefits are provided under a federal program administered through state unemployment compensation bureaus under the Trade Act of 1974, 19 U.S.C. §§ 2101–2487.

2. The record does not reveal the nature and extent of the injury.

following being released for work by a physician unless there is a reasonable excuse for not so doing. Deep contacted Employer on September 9, 1987 about returning to work. Upon receiving the obstetrician's release of Deep for work effective August 25, 1987, Employer told her she was considered a voluntary quit because she did not comply with the labor-management agreement. Deep, on September 27, 1987, filed her claim for unemployment compensation.

Deep's claim was denied by the Office of Employment Security (OES) on October 14, 1987 and by the referee on November 13, 1987. Deep appealed to the Board who found her ineligible for benefits under the provisions of Section 402(b) of the Pennsylvania Unemployment Compensation Law (Act)[3] and on *January 25, 1988* entered an order affirming the referee and denying benefits.

Deep neither applied for reconsideration to the Board nor did she appeal the January 25, 1988 decision and order of the Board to this Court.

On March 23, 1989, Deep applied for TRA benefits,[4] which is presently before us. The OES, on March 9, 1990, determined that Deep was ineligible to receive TRA benefits because "your separation from this employment was for reasons other than lack of work." On appeal, the referee, on July 12, 1990, entered an order affirming the determination of the OES. Deep appealed to the Board, which filed a decision in which it stated:

> [T]he decision of the Board of Review dated January 25, 1988, is final and binding under Section 402(b) of the Pennsylvania Unemployment Compensation Law; and in accordance with Section 617.18 is final and binding under the Trade Act of 1974. In the present case, the claimant was not separated due to lack of work but was considered a voluntary quit effective September 26, 1987. The claim-

---

**3.** Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b)

**4.** TRA benefits are paid in addition to unemployment compensation benefits to employees of qualifying companies and are intended to help workers who have lost jobs because of foreign competition.

ant, therefore, remains ineligible for TRA benefits under the above Section of the law and the Trade Act of 1974, as amended.

Finding the claimant "ineligible for TRA benefits under the provisions of Sections 231 and 247(1) of the Trade Act of 1974 and Section 509 of the Pennsylvania Unemployment Compensation Law," the Board entered an order on October 5, 1990 affirming the decision of the referee and denying TRA benefits.

■ Deep contends that the Board and referee erred by not considering the fact that she was under the care of both an orthopedic surgeon and an obstetrician between December 15, 1986 and August 10, 1988; and that, although she was released for work by her obstetrician on August 25, 1987, she was not released for work by her orthopedic surgeon until August 10, 1988. Deep requests that we review the unappealed decision and order of January 25, 1988 of the Board, which affirmed the referee's denial of unemployment compensation; this we are precluded from doing.

Section 509 of the Act sets out the collateral attack rule in the unemployment compensation area. It states in pertinent part as follows:

§ 509. Finality of decisions

Any decision made by the department or any referee or the board shall not be subject to collateral attack as to any application claim or claims covered thereby or otherwise be disturbed, unless appealed from.

Subject to appeal proceedings and judicial review, any right, fact or matter in issue which was directly passed upon or necessarily involved in any decision of a referee or the board or the Court and which has become final shall be conclusive for all purposes of this act and shall not be subject to collateral attack as among all affected parties who had notice of such decision....

43 P.S. § 829.

■ Deep did not appeal the Board's decision that she had voluntarily quit her job and was thus ineligible for unemployment compensation benefits. Under Section 509, that decision is now final and cannot be collaterally attacked. 43 P.S. § 829. Further, we recently determined that an order disqualifying an employee from receiving unemployment compensation benefits is also conclusive with respect to an application for TRA benefits based upon the same facts and if an employee is barred from obtaining unemployment compensation, he or she is also barred from getting TRA benefits. *Chandler v. Unemployment Compensation Board of Review*, 135 Pa.Commonwealth Ct. 219, 580 A.2d 460 (1990).

At the hearings before the referee and the Board on Deep's claim for unemployment compensation, which was initiated in October of 1987, the fact of her work-related injury of December 9, 1986 and her receiving workmen's compensation therefor was not brought before either; neither did she raise the fact that, although she was released for work by her obstetrician on August 25, 1987, she was, at that time, still under the care of her orthopedic surgeon for her December 9, 1986 injury; neither did she, during the proceedings on her unemployment compensation claim, which covered the period October 1987 through January 25, 1988, raise the fact that she was then under the care of her orthopedic surgeon.[5]

The fact of Deep being under the care of her orthopedic surgeon and being disabled from work until August 10, 1988 was raised for the first time by her at the hearing before the referee on May 22, 1990 on her claim for TRA benefits. Deep argues that by reason of her being disabled from work on August 27, 1987 by reason of her work-related injury of December 9, 1986, she was entitled to unemployment compensation notwithstanding the Board's denial thereof by its order of January 25, 1988. She further argues, since she was, under the then circumstances, enti-

5. The record indicates that Deep was not released for work by her orthopedic surgeon until August 10, 1988.

tled to unemployment compensation benefits and her TRA claim was timely filed, she is entitled to TRA benefits and both the referee and the Board erred in their denial of her TRA claim.

Deep's contentions and argument are an attack on the finality of the Board's January 25, 1988 decision and order. Since Deep did not challenge, by timely appeal, the January 25, 1988 denial by the Board of her unemployment compensation claim, she is precluded from doing so collaterally in this TRA claim proceeding, by Section 509 of the Act.

Accordingly we affirm the October 5, 1990 decision and order of the Board.

## ORDER

AND NOW, this 9th day of July, 1991, the order of the Unemployment Compensation Board of Review is affirmed.