**Daniel P. GARZA, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 22, 1995.

Decided Dec. 22, 1995.

John W. Nails, for petitioner.

Norina K.S. Stone, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before COLINS, President Judge, McGINLEY, J., and MIRARCHI, Senior Judge.

COLINS, President Judge.

Daniel P. Garza (Garza) petitions for review of the June 6, 1995 order of the Unemployment Compensation Board of Review

(Board) that affirmed the decision of the referee and denied benefits.

Garza was discharged from his employment as a truck mechanic for Caterair International (Caterair) on February 2, 1995, for an incident that occurred on January 27, 1995. On that date, Garza "questioned the general manager in a profane way concerning why another employee had been hired." (Finding of Fact No. 4.) In the presence of other employees, Garza "referred to the general manager as a two-faced, lying, mother f———." (Finding of Fact No. 7.) Garza was aware of Caterair's rule that profane language was not permitted. Garza was "discharged on February 2, 1995, for using profanity, willful insubordination, and gross misconduct by his actions on January 27, 1995." (Finding of Fact No. 10.)

The Board concluded that Garza was not eligible for compensation because he was discharged for willful misconduct. According to the Board, Garza "clearly violated employer's rule prohibiting profane language." The Board noted that Garza admitted using profane language and that he did not have good cause to do so. The Board also noted that regardless of the fact that Garza violated a work rule, he "clearly committed willful misconduct by demonstrating a disregard of the standards of behavior which an employer has a right to expect of an employee...."

■ Before this Court, Garza raises two issues. He queries first, whether the Department of Labor and Industry (Department) can change a determination granting benefits after notice of that determination is mailed and when that determination is not appealed. He queries second whether the Board's finding of willful misconduct is supported by substantial evidence. "Our scope of review in an unemployment compensation appeal is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence." *Evans, Portnoy & Quinn v. Unemployment Compensation Board of Review,* Pa.Cmwlth., 665 A.2d 548, 550–51 n. 4 (1995). "A willful misconduct determination is a question of law subject to our review." *Goodwill Industries v. Unemployment Compensation Board of Review,* 160 Pa.Cmwlth. 147, 634 A.2d 738, 739 (1993). With regard to the first issue, Garza argues facts that are not in the record, but they are not disputed by the Board. He asserts that on March 3, 1995, the Department mailed him a determination granting benefits. That notice advised that the determination would become final unless it was appealed within 15 days of the date of mailing. The record reveals that on that same date, March 3, 1995, the Department mailed Garza a notice indicating that his mail claims are cancelled because of information received from his employer and asking him to report to the job center on March 8, 1995 to discuss his eligibility for benefits. After that March 8, 1995 interview, on March 10, 1995, the Department issued a notice of redetermination of benefits. That notice concluded, based on all of the available information, that Garza was discharged from Caterair for willful misconduct. Therefore, the notice indicated that benefits were not approved. The notice advised Garza that he had 15 days from the date of mailing to appeal the determination.

Garza argues that the initial determination, mailed on March 3, 1995, was not appealed and is, therefore, final. According to Garza, once that determination was mailed, the Department did not have jurisdiction to redetermine his claim for benefits. He relies on Section 501 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, 43 P.S. § 821, and on two cases, *First National Bank v. Unemployment Compensation Board of Review,* 152 Pa.Cmwlth. 6, 619 A.2d 801 (1992), and *Darroch v. Unemployment Compensation Board of Review,* 156 Pa. Cmwlth. 435, 627 A.2d 1235 (1993).

■ We have reviewed the statute and both cases, and we conclude that the Department acted properly. Subsections 501(d) and (e), 43 P.S. §§ 821(d) and (e) provide the following:

(d) The department shall notify any employer or claimant who has been notified as required under subsections (a) and (b) of this section of any revision made in the

determination as contained in the original notice given to such employer or claimant.

(e) Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one(a), (c) and (d), within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

Construing these two subsections together, to give effect to both, pursuant to 1 Pa.C.S. § 1921(a), we agree with the Board that the General Assembly contemplated and provided for the necessity of making revised determinations. We agree with the Board's analysis that a determination can be revised before it becomes final as long as no appeal has been filed. In other words, if a determination is appealed within the 15 allotted days, it cannot then be revised even though it does not become final. We agree with the Board, that upon appeal, the Department is divested of jurisdiction to alter the determination.

 Here, the determination was mailed to Garza on March 3, 1995 and a redetermination was mailed to him on March 10, 1995, before the original determination was appealed. Additionally, the redetermination was issued within the allotted 15–day period during which the determination is not yet final. The Department acted properly, and the March 10, 1995 redetermination superseded the March 3, 1995 determination. We note that this appeal emanates from the redetermination.

Garza argues second, that there is not substantial evidence to support the Board's finding that he was discharged for willful misconduct. We have reviewed the record and we are satisfied that there is substantial evidence to support that finding and that the Board's conclusion that regardless of the rule prohibiting profane language, Garza's behav-ior constituted willful misconduct and benefits should be denied.

Accordingly, the June 6, 1995 order of the Unemployment Compensation Board of Review is affirmed.

## ORDER

AND NOW, this 22nd day of December, 1995, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.