**Carole MARTYNA, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 7, 1997.

Decided April 2, 1997.

Reargument Denied May 15, 1997.

Robert L. Damewood, Farrell, for petitioner.

Norina K.S. Stone, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before COLINS, President Judge, FRIEDMAN, J., and LORD, Senior Judge.

LORD, Senior Judge.

This is an appeal from an Unemployment Compensation Board of Review (Board) order dismissing as untimely Carole Martyna's appeal from a Bureau of Unemployment Benefits and Allowances (Bureau) determination of financial ineligibility.

The Bureau mailed Martyna a notice of financial determination on February 16, 1996 explaining to her that she was ineligible be-

cause she did not have sufficient wages in her base year to qualify for benefits.[1] The notice also advised Martyna that March 4, 1996 was her last day to appeal the determination. Martyna did not file an appeal on or before the March 4 deadline. Thereafter, on March 26 and April 1, 1996, the Bureau issued revised notices of determination, again declaring Martyna ineligible due to insufficient wages in the base year, though indicating an upward revision in her base year wages. Martyna filed an appeal from the April 1, 1996 notice.

A hearing was scheduled to decide Martyna's appeal of the Bureau's determination, but Martyna did not appear, and the referee issued a decision finding Martyna ineligible for benefits. Martyna appealed *that* decision and the Board remanded the matter for testimony on her failure to appear at the referee's hearing and on the timeliness of her appeal. Martyna did not attend the remand hearing. The Board then issued a decision dismissing as untimely Martyna's appeal from the February 16, 1996 notice of determination. Martyna then, through her counsel, requested reconsideration of the Board's decision, and the Board granted her request. It directed the referee to schedule yet another hearing for the purpose of deciding why Martyna failed to appear at the previous hearing, whether her appeal of the notice of determination under Section 501(e) of the Law, 43 P.S. § 821(e) was timely, and, if so, to decide the merits of Martyna's appeal.

The Board, on consideration of the testimony, concluded that Martyna had good cause for her failure to attend the remand hearing. Having found that, the Board next considered Martyna's testimony on filing her appeal. The Board did not find credible Martyna's testimony that she called her local unemployment office "a couple of days" after receiving the original, February 16, 1996 notice of determination and was told not to file an appeal of that decision. The Board also found that the authorities did not mislead or misinform Martyna of her appeal rights and

---

1. The Bureau determined Martyna was ineligible under Section 404 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 804, based on a comparison of her highest quarter and total base year wages to the rate tables contained in that statutory provision.

that her late appeal was not caused by fraud or administrative breakdown.

On appeal to this Court, Martyna poses the following two questions. First, is an unemployment compensation claimant bound by the appeal deadline contained in an original notice when the Bureau subsequently issues two revised notices which are timely appealed? Second, did the Board capriciously disregard competent evidence in finding Martyna's appeal was not caused by fraud or administrative breakdown, where she offered uncontradicted testimony that she was advised not to file an appeal from the original notice, and where the Bureau's actions—the subsequent issuance of revised notices—are consistent with that testimony.

This unusual and, we hope, unique case presents several difficulties. First, Martyna appealed the *April 1, 1996* revised notice of determination. (Record Item No. 8). The Board so found as a fact. (Finding of Fact No. 7, Board decision, October 1, 1996). Her April 3, 1996 petition is therefore timely with respect to that notice; it was not an appeal of the first, February 16, 1996 notice and it would not be timely if it were. This fact brings us to the question of what effect subsequent notices of determination have on a notice previously issued but not appealed.

Section 501 of the Law, 43 P.S. § 821, is set forth in pertinent part:

(a) The department shall promptly examine each application for benefits and on the basis of the facts found by it shall determine whether or not the application is valid. Notice shall be given by the department in writing to the claimant and each base-year employer of the claimant, stating whether or not the claimant is eligible. . . .

(b) Notice shall be given in writing to the last employer of the claimant stating that an application has been filed by the designated employe.

(c)(1) The department shall promptly examine each claim for waiting week credit and each claim for compensation and on the basis of the facts found by it shall determine whether or not the claim is valid.

. . . .

(d) *The department shall notify any employer or claimant who has been notified* as required under subsections (a) and (c) of this section *of any revision made in the determination as contained in the original notice* given to such employer or claimant. (e) *Unless the claimant or* last *employer* or base-year employer of the claimant *files an appeal with the board, from the determination contained in any notice* required to be furnished by the department under section five hundred and one (a), (c) and (d) *within fifteen calendar days* after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, *such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.* (emphasis added).

Martyna argues that section 501(d) is a legislative mandate allowing the Bureau, upon investigation, to revise its notices of determination. Those revised notices then supersede any earlier notice and create new appeal rights in the parties to the determination. The Board responds to this argument by citing section 501(e)'s provision to the effect that, unless an appeal is filed within fifteen calendar days after a notice is delivered or mailed, the determination contained in that notice is final. From this statutory language the Board, citing section 509 of the Law, 43 P.S. § 829, advances the novel argument that the subsequent Bureau revisions to its own original notice which were issued to Martyna are impermissible "collateral attacks" on that notice. Therefore, the Board asserts, those subsequent notices were nullities. Hence, there were no appeal rights created by the March 26 and April 1 revised notices, so Martyna's April 3 petition for appeal, coming as it did more than fifteen days after the original February 16 notice, was untimely.

Our only guidance in the case law is, unfortunately, not entirely on point. In *Hessler v. Pennsylvania Housing Finance Agency*, 92 Pa.Cmwlth. 352, 500 A.2d 914 (1985), the Pennsylvania Housing Finance Agency re-

vised its original determination of eligibility for emergency mortgage assistance more than thirty days after its original decision. We held there that it was not improper for the agency to reverse its decision without a hearing first. Since the agency conducted no predetermination hearing, it was not required to hold a hearing before a revised determination was issued, so long as a hearing with proper notice was held after the adverse decision. However, the petitioners in *Hessler* challenged a subsequent adverse decision on grounds of due process, and no question was raised on the finality of the earlier determination. In *Garza v. Unemployment Compensation Board of Review,* 669 A.2d 445 (Pa.Cmwlth.1995), a claimant originally received a determination granting benefits but, after an interview, received a notice of redetermination disallowing benefits. The claimant argued that the initial determination granting benefits was not appealed and was therefore final. Relying on Section 501 of the Law, the statutory provision implicated here, the claimant contended that once his determination was mailed, the compensation authorities were without jurisdiction to redetermine his claim for benefits. In answer to that argument, we stated:

[A] determination can be revised before it becomes final as long as no appeal has been filed. In other words, if a determination is appealed within the 15 allotted days, it cannot then be revised even though it does not become final. We agree with the board, that upon appeal, the Department is divested of jurisdiction to alter the determination.

Here, the determination was mailed to Garza on March 3, 1995 and a redetermination was mailed to him on March 10, 1995, before the original determination was appealed. Additionally, the redetermination was issued within the allotted 15–day period during which the determination is not yet final. The Department acted properly, and the March 10, 1995 redetermination superseded the March 3, 1995 determination. We note that this appeal emanates from the redetermination.

*Id.,* 669 A.2d at 447.

Here, of course, the subsequent Bureau determinations were not issued until well after the expiration of the 15–day appeal period on Martyna's first determination, so *Garza* does not control. Nonetheless, in *Garza* we recognized the General Assembly's intent to allow the compensation authorities to issue revised determinations where necessary. We also found it sufficiently significant to note that the appeal in *Garza* was, as here, brought from the subsequent redetermination.

That said, we resolve this case as follows. Martyna timely appealed the April 1, 1996 revised notice of determination. That notice was an adverse decision, based on changed factual circumstances revealed by the compensation authorities' further investigation into Martyna's claim, even though its outcome was the same disqualification as that rendered in the original February 16, 1996 determination. Martyna is entitled to appeal this April 1, 1996 determination. We are led to this holding by a consideration of the consequences if the Bureau had, on redetermination, changed its finding on eligibility. If, for example, the Bureau on further investigation found Martyna eligible after originally finding her ineligible, then certainly, in such circumstances, we could not allow Martyna's employer to ignore the subsequent redetermination of eligibility and later challenge any consequent assessment as based on a nullity.

On the other hand, if the Bureau issued a revised notice finding Martyna ineligible more than thirty days after originally determining she had been eligible, she would necessarily have to challenge the latter decision by appeal to the Board. Here, while there may be substantive legal arguments to make which are grounded in the fact that the Bureau had issued a previous, "final" unappealed determination, the latest of its determinations is an adverse adjudication of ineligibility. There is no authority for the proposition that an appeal filed within fifteen days of its issuance is untimely. The Board found that Martyna filed an appeal from the last determination but seems to have ignored that finding in its reasoning.

At the very least, we can say that the issuance of two subsequent determinations of

ineligibility was sufficiently misleading so as to constitute administrative breakdown. While it was certainly the Board's prerogative to decide that Martyna was not told not to file an appeal after receiving the first notice, since that finding is based on credibility, the very fact that the Bureau sent two revised notices well after the original fifteen-day appeal period had expired leads to the conclusion that it believed it had the power to do so. If it was mistaken, Martyna should not bear the consequences of that administrative confusion.

We emphasize the unique nature of this case, in which our decision should not be construed as a departure from the wellsettled principle that agency adjudications are final if not appealed within the statutorily prescribed time period. We simply limit our decision in this case to the narrow holding that, on April 3, 1996, Martyna filed a timely appeal from the Bureau's latest revised, April 1, 1996 notice of determination. We recently said in *Vereb v. Unemployment Compensation Board of Review*, 676 A.2d 1290 (Pa.Cmwlth.1996), that the section 501(e) fifteen-day time limit is mandatory and subject to strict application. "If an appeal from a determination of OES is not filed within fifteen days of its mailing, the determination becomes final and *the Board* does not have the requisite jurisdiction to consider the matter. *Id.*, 676 A.2d at 1292 (emphasis added). We see nothing to divest the Board of its jurisdiction to hear Martyna's April 3, 1996 appeal. Hence, we are constrained to remand this case for a determination of the merits of the questions Martyna raised in that appeal.

### ORDER

AND NOW, this 2nd day of April, 1997, the order of the Unemployment Compensation Board of Review, No. B–350587–B, dated October 1, 1996 is hereby reversed and remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.