**LARRY PITT & ASSOCIATES, P.C., Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 17, 1998.

Decided May 29, 1998.

Reargument Denied July 17, 1998.

Donna E. Baker, Philadelphia, for petitioner.

Judith M. Gilroy, Harrisburg, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Larry Pitt & Associates, P.C. (Employer) appeals from the December 2, 1997 order of the Unemployment Compensation Board of Review (Board) that affirmed the referee's decision to grant benefits. The issue raised by Employer on appeal is whether the Job Center in the instant case had the authority

to vacate its un-appealed, original determination denying benefits to Teresa H. Kang (Claimant) and enter a subsequent determination approving benefits after the expiration of the 15–day appeal period. We hold that the Job Center had such authority and therefore we affirm the Board's decision.

Claimant worked as an associate attorney with Employer's law firm from November 11, 1996 until her discharge on July 16, 1997. Claimant was absent from work from June 13, 1997 through the date of termination due to medical problems. By letter dated July 16, 1997, Employer advised Claimant that the firm could no longer keep her position open because they received no indication as to when Claimant would be able to return to work.. On the following day, Claimant told Employer that her medical restrictions were removed and she was able to return to work. However, in a letter dated July 18, 1997, Employer advised Claimant that she was discharged from her position with the firm due to poor job performance. As a result, on July 20, 1997, Claimant applied for unemployment compensation benefits with the Philadelphia Downtown Job Center (Job Center).

By Notice of Determination dated August 12, 1997, the Job Center found that Claimant engaged in willful misconduct and was therefore ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1] The August 12, 1997 notice informed Claimant that she had until August 27, 1997 to file an appeal from said determination. On August 26, 1997, Claimant reported to the Job Center and requested to file an appeal. However, a Job Center representative reviewed the case and informed Claimant that she did not have to file an appeal because the Job Center intended to vacate its August 12 determination and issue a new determination in Claimant's favor. Thus, Claimant did not file an appeal. As indicated by the Job Center's claims record, the Job Center mailed a letter on August 27, 1997 to the parties that vacated its original determination. On September 17, 1997, the Job Center issued a new determination granting benefits to Claimant.

Employer appealed the new determination issued by the Job Center and a hearing was held before a referee. The referee found that there was no evidence in the record to indicate that Employer requested Claimant to give a return to work date prior to the first termination letter of July 16, 1997. Thus, the referee concluded that Employer failed to prove willful misconduct and granted benefits. By decision dated December 2, 1997, the Board affirmed the referee's decision. Employer then filed the instant appeal.

On appeal, Employer contends that the Board erred by failing to vacate the September 17, 1997 determination issued by the Job Center. Employer argues that the Board should have vacated the later determination because no appeal was filed from the August 12 determination, which became final as of the expiration of the 15–day appeal period [2] on August 27, 1997. Once the August 12 determination became final, Employer asserts that the Job Center was without authority to issue a new determination. The Board counters that this Court's decision in *Garza v. Unemployment Compensation Board of Review*, 669 A.2d 445 (Pa.Cmwlth. 1995) clarified that a Job Center has the authority to revise a determination within the 15–day appeal period. Employer believes that *Garza* is factually distinguishable from the instant case.

In *Garza*, this Court considered the circumstances under which unemployment authorities have the authority to revise an initial determination of benefits. The unemployment authorities mailed Garza a notice of determination on March 3, 1995 granting benefits, but then on March 10, 1995 before any appeal was filed the authorities mailed a redetermination denying benefits. Garza argued that the department did not have the authority to issue a redetermination once the original determination was mailed. We reviewed Section

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

2. Section 501(e) of the Law provides that a determination shall be final unless a party files an appeal with the Board within 15 days. 43 P.S. § 821(e).

501(d)[3] and (e) and held that by construing these two subsections together the General Assembly contemplated and provided for the necessity of making revised determinations. Thus, we held that a determination of benefits could be revised within the 15-day appeal period as long as no appeal was filed within that time. Accordingly, we concluded that the March 10 redetermination superseded the March 3 determination.

Employer argues that *Garza* does not apply to the instant case because in *Garza* the redetermination was based on additional information that came to light after the initial determination.[4] Here, Employer points out that the Job Center's redetermination of September 17 was based on the exact same evidence on which the initial determination of August 12 rested. To permit the Job Center to issue a new determination under the circumstances of this case would, according to Employer, permit co-equal representatives of the Job Center to second-guess one another and thereby make repeated revisions based on the same evidence. Employer contends that the Job Center should not be permitted to revise a prior determination unless new or additional evidence is gathered warranting a revision.

Although *Garza* did involve the discovery of additional evidence by department authorities, we believe Employer's reading of that decision is too narrow. We find that it would impose an undue burden on representatives of the Job Center to conduct some type of more thorough investigation, in addition to the interviews and evidence gathering already conducted by those representatives, before they are permitted to revise a determination. Moreover, we find that *Garza* is factually similar to the case at bar. Like *Garza*, neither party in this case appealed the initial August 12, 1997 determination before the expiration of the 15-day appeal period on August 27, 1997.[5] Hence, the representatives of the Job Center had the authority to revise that determination on August 27, 1997.

However, rather than issue a new determination on August 27, the Job Center vacated the August 12 determination via letter dated August 27, which was followed by a new determination on September 17, 1997. Although a letter vacating an initial determination is not the same as a redetermination, we see no reason why the Job Center should be given the power to issue the latter and not the former within the 15-day appeal period. Once the Job Center vacated the August 12 determination, the Job Center maintained the authority to issue a new determination. Thus, the Job Center's September 17, 1997 determination was proper and the Board did not err by refusing to vacate that determination.

## ORDER

AND NOW, this 29th day of May, 1998, the order of the Unemployment Compensation Board of Review, dated December 2, 1997, that affirmed the decision of the refer-

---

**3.** Under Section 501(d) of the Law, the unemployment authorities "shall notify any employer or claimant who has been notified as required under subsections (a) and (b) of this section of any revision made in the determination as contained in the original notice given to such employer or claimant." 43 P.S. § 821(d).

**4.** Employer seeks further support for this argument by trying to distinguish this case from the situation in *Martyna v. Unemployment Compensation Board of Review*, 692 A.2d 594 (Pa.Cmwlth. 1997) where Job Center representatives uncovered additional information and issued two revised determinations after the expiration of the 15-day appeal period. We found that *Garza* did not control the outcome of *Martyna* because the subsequent determinations by the Job Center were not issued within the 15-day appeal period as was the redetermination in *Garza*. Because the Job Center in the instant case vacated its initial determination within the 15-day appeal period, we find that *Garza* and not *Martyna* controls this case.

**5.** Although Claimant testified that she went to the Job Center on August 26 to file an appeal, a representative advised her not to do so because they were going to issue a new determination. Because the Board adopted Claimant's testimony on this point as credible and Employer does not contest that finding, we must accept as fact that Claimant did not file an appeal so as to divest the Job Center of its authority to revise the initial determination.

ee to grant benefits to Teresa H. Kang is hereby affirmed.