IN THE COMMONWEALTH COURT OF PENNSYLVANIA

June Waters-Bey,                          :
                                          : No. 777 C.D. 2016
                        Petitioner        : Submitted: December 30, 2016
                                          :
              v.                          :
                                          :
Unemployment Compensation                 :
Board of Review,                          :
                                          :
                        Respondent        :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE WOJCIK                               FILED: June 12, 2017


          June Waters-Bey (Claimant) petitions *pro se* for review of the March
24, 2016 order of the Unemployment Compensation Board of Review (Board) that
affirmed a referee's decision vacating a revised financial determination, issued by
the Department of Labor and Industry (Department) on December 30, 2015, and
dismissing Claimant's appeal. We reverse.

          Claimant worked for the U.S. Department of Treasury, Internal
Revenue Service (Employer) from February 10, 2015, through June 26, 2015, as a
seasonal tax examiner. Claimant filed for unemployment compensation benefits
effective July 5, 2015. In a Notice of Financial Determination dated July 14, 2015,

the Department informed Claimant that she was not financially eligible for benefits pursuant to Section 401(a) of the Unemployment Compensation Law (Law).[1]  The notice further stated that Claimant's last day to appeal the determination was July 29, 2015.  Claimant appealed the determination and the Department received her appeal paperwork on July 30, 2015.  A referee held a hearing on August 21, 2015, and dismissed the appeal as untimely by order dated August 24, 2015.  Claimant appealed the referee's decision to the Board and the Board, in an order dated October 16, 2015, dismissed the appeal as untimely.

Additionally, the Department sent Claimant a Notice of Revised Standing, dated October 30, 2015, informing her that her appeal from a Notice of Financial Determination dated October 9, 2015, was vacated while the local service center investigated her financial eligibility.  Supp. Record Item No. 14.

On December 30, 2015, the Department issued a Revised Notice of Financial Determination for Claimant's application from July 5, 2015, again concluding that Claimant was not financially eligible for unemployment compensation benefits.  Claimant timely appealed this determination.

A referee held a hearing on February 8, 2016, at which Claimant was the only participant.  Claimant testified, summarizing the timing of her pay and her history of employment with Employer.  In her testimony, she asserted that she received her pay on an earlier date than Employer's official pay date and, as a result, the Department misattributed her pay between quarters in her base year.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(a).  At the time relevant for this appeal, Section 401(a)(2) of the Law provided that an employee must receive at least 49.5% of her total base year wages in one or more quarters, other than the highest quarter in the employee's base year.  The General Assembly has since amended Section 401(a)(2) to require only 37% of base year wages to be paid in one or more quarters, other than the highest quarter.

Notes of Testimony (N.T.) at 12-13. Claimant testified that this miscalculation led to the determination that she was ineligible for benefits. *Id.* She further testified regarding her previous appeal, acknowledging that her appeal had been dismissed as untimely. N.T. at 11-12. Claimant also testified that she was confused by the Revised Financial Determination that she received and contacted the local service center. N.T. at 12. Claimant said that the local service center instructed her to appeal the Revised Financial Determination and requested documentation of her 2015 financial earnings, which she attached to her appeal. *Id.*

By decision and order dated February 9, 2016, the referee vacated the December 30, 2015 Revised Financial Determination as a nullity and dismissed Claimant's appeal. The referee concluded that the July 14, 2015 financial determination was final because the Board dismissed Claimant's appeal from that notice as untimely. The referee instructed the local service center to process a new application for benefits for Claimant, effective October 4, 2015, and issue a new financial determination based upon the evidence Claimant presented at the referee's hearing.

Claimant timely appealed the referee's February 9, 2016 dismissal of her appeal to the Board, arguing that she received two letters, dated October 30, 2015, and December 10, 2015, vacating the standing determination while the local service center reviewed her case, which permitted her to appeal the Department's financial determination upon receipt of the December 30, 2015 determination. On March 24, 2016, the Board affirmed the decision of the referee, adopting and incorporating the referee's findings and conclusions. The Board concluded that its order from October 16, 2015, superseded any determinations subsequently issued

3

by the Department and, therefore, the Department lacked jurisdiction to issue a revised financial determination for Claimant's application dated July 5, 2015.

On appeal to this Court,[2] Claimant argues that the Board erred in dismissing her appeal as a nullity because the revised final determinations sent by the Department granted her new appeal rights. Relatedly, Claimant alleges that the subsequent financial determinations were sufficiently misleading so as to constitute a breakdown of the administrative process.[3]

However, the Board argues that the Department lacked jurisdiction to issue the revised financial determinations because the July 14, 2015 determination was final. The Board relies on Sections 501 and 509 of the Law to support its assertion that the original financial determination was final upon the close of the fifteen-day appeal period.

Section 501(d) and (e) of the Law states, in pertinent part:

> (d) The department shall notify any employer or claimant who has been notified as required . . . of any revision made in the determination as contained in the original notice given to such employer or claimant.

> (e) Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board from the determination contained in any notice required

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law has been committed, or whether necessary findings of fact are supported by substantial evidence. *Roberts v. Unemployment Compensation Board of Review,* 977 A.2d 12, 16 n. 2 (Pa. Cmwlth. 2009).

[3] Although Claimant does not specifically list this question as a separate issue in the Pa. R.A.P. 2116 Statement of Questions Involved portion of her appellate brief, it is clear from her brief that this argument has been raised. This Court is generally inclined to read *pro se* materials liberally as long as we are able to conduct meaningful appellate review. *See Robinson v. Schellenberg*, 729 A.2d 122, 124 (Pa. Cmwlth. 1999).

4

> to be furnished . . . within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. §821(d), (e).

> Section 509 of the Law states, in relevant part:

> Any decision made by the department or any referee or the board shall not be subject to collateral attack as to any application claim or claims covered thereby or otherwise be disturbed, unless appealed from.

> Subject to appeal proceedings and judicial review, any right, fact or matter in issue which was directly passed upon or necessarily involved in any decision of a referee or the board or the Court and which has become final shall be conclusive for all purposes of this act and shall not be subject to collateral attack as among all affected parties who had notice of such decision . . . .

43 P.S. §829.

It is well settled that unappealed decisions by a referee or the Board become final and are binding for all applications and claims. *See Deep v. Unemployment Compensation Board of Review*, 595 A.2d 229, 231 (Pa. Cmwlth. 1991); *Chandler v. Unemployment Compensation Board of Review*, 580 A.2d 457 (Pa. Cmwlth. 1990); and *Lentz v. Unemployment Compensation Board of Review*, 402 A.2d 1127 (Pa. Cmwlth. 1979).

In *Garza v. Unemployment Compensation Board of Review*, 669 A.2d 445 (Pa. Cmwlth. 1995), the Department issued a determination finding the claimant eligible for benefits. Seven days later and before any appeal was filed,

5

the Department issued a revised determination finding the claimant ineligible for benefits due to willful misconduct.  The claimant appealed and the Board affirmed.

On appeal to this Court, the claimant argued that the Department lacked jurisdiction to issue the revised determination because no appeal had been filed.  We affirmed, holding that the Department has jurisdiction to revise a determination within the fifteen-day appeal period, before it becomes final, as long as no appeal has been filed.  We agreed with the Board that if an appeal is filed with the fifteen days, the determination cannot be subsequently revised even though it does not become final.  *Id.* at 447.

In *Pennsylvania Turnpike Commission v. Unemployment Compensation Board of Review*, 991 A.2d 971, 974 (Pa. Cmwlth. 2009), we held that the Department may not issue a revised notice of determination after the appeal period has expired because the determination becomes final and the Board loses jurisdiction over the matter.  *See also Vereb v. Unemployment Compensation Board of Review*, 676 A.2d 1290, 1292-93 (Pa. Cmwlth. 1996); *First National Bank of Bath v. Unemployment Compensation Board of Review*, 619 A.2d 801, 803 (Pa. Cmwlth. 1993).

Nevertheless, in a factually similar case, *Martyna v. Unemployment Compensation Board of Review*, 692 A.2d 594 (Pa. Cmwlth. 1997), we held that the Department had the authority to issue revised determinations after the appeal period has expired.  The claimant in *Martyna* received an original Notice of Financial Determination, dated February 16, 1996, informing her that she was ineligible for benefits.  She did not file a timely appeal. After the expiration of the fifteen-day appeal period, the Department sent her two revised notices, on March 26, 1996, and April 1, 1996, reflecting upward revisions of her base year wage, but

also determining her to be financially ineligible for benefits. The claimant timely appealed from the final revised determination, but the Board concluded she did not show good cause for failing to timely appeal the February 16, 1996 determination. The claimant then appealed to this Court.

Before this Court, the Board argued that the original determination became final when the claimant failed to file a timely appeal and that the revised notices did not create new appeal rights. The Board asserted that the subsequent revisions were impermissible "collateral attacks" under Section 509 of the Law. *Martyna*, 692 A.2d 594-97.

In rejecting the Board's assertion, we stated:

> Martyna timely appealed the April 1, 1996 revised notice of determination. That notice was an adverse decision, based on changed factual circumstances revealed by the compensation authorities' further investigation into Martyna's claim, even though its outcome was the same disqualification as that rendered in the original February 16, 1996 determination. Martyna is entitled to appeal this April 1, 1996 determination. We are led to this holding by a consideration of the consequences if the [Department] had, on redetermination, changed its finding on eligibility. If, for example, the [Department] on further investigation found Martyna eligible after originally finding her ineligible, then certainly, in such circumstances, we could not allow Martyna's employer to ignore the subsequent redetermination of eligibility and later challenge any consequent assessment as based on a nullity.

> On the other hand, if the [Department] issued a revised notice finding Martyna ineligible more than thirty days after originally determining she had been eligible, she would necessarily have to challenge the latter decision by appeal to the Board. Here, while there may be substantive legal arguments to make which are grounded in the fact that the [Department] had issued a previous,

7

"final" unappealed determination, the latest of its determinations is an adverse adjudication of ineligibility. There is no authority for the proposition that an appeal filed within fifteen days of its issuance is untimely. The Board found that Martyna filed an appeal from the last determination but seems to have ignored that finding in its reasoning.

At the very least, we can say that the issuance of two subsequent determinations of ineligibility was sufficiently misleading so as to constitute administrative breakdown. . . . [T]he very fact that the [Department] sent two revised notices well after the original fifteen-day appeal period had expired leads to the conclusion that it believed it had the power to do so. If it was mistaken, Martyna should not bear the consequences of that administrative confusion.

*Id.* at 597. Emphasizing the unique nature of the case, we remanded the matter for a determination on the merits.

While the Board argues that the facts of this case are distinguishable from those in *Martyna* because the referee and Board issued decisions in this case, it is important to note that the decisions were not on the merits of the appeal, but only addressed the timeliness thereof. Claimant herein, as in *Martyna*, did not file an appeal within the fifteen day appeal period. Moreover, the timing of the Department's subsequent determinations immediately surrounding the Board's deliberations on Claimant's appeal is sufficiently misleading so as to constitute a breakdown of the administrative process. We emphasize that this case, like *Martyna*, is unique and that our holding is limited. Nonetheless, we conclude that our decision in *Martyna* is controlling and that the Board had jurisdiction to consider Claimant's appeal relating to the Department's December 30, 2015 Revised Financial Determination.

8

Accordingly, we reverse the Board's March 24, 2016 order and remand for a decision on the merits of the issues that Claimant raised on appeal.

 

 

 

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

June Waters-Bey,                        :
                                        : No. 777 C.D. 2016
                    Petitioner          :
                                        :
            v.                          :
                                        :
Unemployment Compensation               :
Board of Review,                        :
                                        :
                    Respondent          :


O R D E R


AND NOW, this 12th day of June, 2017, the order of the Unemployment Compensation Board of Review, dated March 24, 2016, is REVERSED and this matter is REMANDED for proceedings consistent with this opinion.

Jurisdiction is RELINQUISHED.


_____
MICHAEL H. WOJCIK, Judge