IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Shellie M. DiBello, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1071 C.D. 2017 |
| | : | Submitted: December 22, 2017 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| | : | |
| Respondent | : | |

BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
                     HONORABLE RENÉE COHN JUBELIRER, Judge
                     HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                        FILED:  September 5, 2018


        Shellie M. DiBello (Claimant) petitions *pro se* for review of the June 28, 2017 order of the Unemployment Compensation Board of Review (Board) that affirmed the decision of a referee dismissing Claimant's appeal from a Notice of Financial Determination as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1]  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).  Section 501(e) of the Law provides in relevant part:

> (e) Unless the claimant . . . files an appeal with the board, from the determination contained in any notice required to be furnished by

Claimant worked for Henderson Taylor Consulting (Employer)[2] from March 2016 through December 1, 2016. Claimant subsequently filed for unemployment compensation benefits and, by notice dated January 25, 2017, the local service center determined that she was financially eligible for full benefits for a maximum of 18 weeks, effective January 22, 2017. Certified Record (C.R.) Item No. 2. The notice stated that the last date to timely appeal the determination was February 9, 2017. *Id.* Claimant filed an appeal on April 13, 2017, asserting that she should have been approved for 26 weeks of full benefits but Employer did not submit the correct information to the local service center. C.R Item No. 3.

A referee held a hearing on May 5, 2017, to determine whether Claimant filed a timely and valid appeal under Section 501(e).[3] Claimant appeared *pro se* and Employer did not attend. Claimant testified that she did not realize that the notice from the local service center approved her for 18 weeks of full benefits rather than 26 weeks. Notes of Testimony (N.T.) at 2. She further testified that she worked for Employer for 37 weeks and that Employer did not submit the correct number of weeks that she worked, but had since corrected the error. N.T. at 3. She

---

the department . . . within fifteen calendar days after such notice . . . was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

[2] Henderson Taylor Consulting is also referred to in the record as Insurance Staffing Solutions.

[3] The notice also stated that the referee may consider other issues regarding whether Claimant was paid a qualifying amount of wages and whether Claimant had the required number of credit weeks in the base year to financially qualify to receive benefits pursuant to Section 404 of the Law, 43 P.S. §804.

maintained that the error was through no fault of her own and that Employer had made this mistake with other employees. *Id.*

The referee found that the Notice of Financial Determination was mailed to Claimant at her correct mailing address and was not returned as undeliverable. The referee further found that the Notice of Determination informed Claimant that she had 15 days from the date of the local service center's determination in which to appeal, or until February 9, 2017. The referee found that Claimant was not misinformed or misled regarding her right of appeal or the need to file an appeal but, instead, she failed to notice how many credit weeks she had been granted and waited until April 13, 2017, to file her appeal. Therefore, the referee dismissed Claimant's appeal as untimely. Claimant appealed to the Board, asserting that Employer failed to properly submit the correct number of weeks that she worked to the local service center as the result of neglect and a breakdown of Employer's administrative process. C.R. Item No. 8. Claimant argued that the administrative breakdown was through no fault of her own and that the referee erred in dismissing her appeal as untimely. *Id.*

The Board affirmed the referee's decision and issued its own findings of fact and conclusions of law.[4] C.R. Item No. 9. The Board found that Claimant received the local service center's determination, which notified her that February 9, 2017, was the final day to file a valid appeal. Finding of Fact (F.F.) No. 2. The Board further found that Claimant did not carefully read that she was granted only

---

[4] In unemployment compensation cases, the Board is the ultimate factfinder, empowered to determine the credibility of witnesses and resolve conflicts in evidence. *Curran v. Unemployment Compensation Board of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000). The Board's findings are binding and conclusive on appeal if the record, when examined as a whole, is supported by substantial evidence. *Mathis v. Unemployment Compensation Board of Review*, 64 A.3d 293, 299 (Pa. Cmwlth. 2013).

18 credit weeks, rather than the 27[5] she believed she deserved, and she did not file her appeal until April 13, 2017. F.F. Nos. 3-4. The Board concluded that Claimant's assertions of administrative breakdown were inapplicable because Employer's error was not a breakdown of the administrative process for purposes of Section 501(e) of the Law. Instead, the Board noted that Employer's error was a legal or factual error and that the correct remedy was to file a timely appeal, which Claimant, as a result of her own negligent failure to carefully read the local service center's determination, failed to do. Claimant filed a request for reconsideration and the Board denied the request. C.R. Item Nos. 10-11.

On appeal to this Court,[6] Claimant argues that the Board erred in dismissing her appeal and that *nunc pro tunc* relief is warranted; specifically, Claimant asserts that she was misinformed as to how many weeks Employer informed the local service center that she worked, that Employer's administrative breakdown was through no fault of her own, and that Employer failed to inform her of the breakdown until after the appeal period expired.

Section 501(e) of the Law provides that a party has 15 days to appeal a determination. If an appeal is not filed within 15 days, it becomes final and the Board does not have the requisite jurisdiction to consider the matter. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008). An appeal filed even one day after the 15-day appeal period is untimely. *Id.*

---

[5] Claimant's filings and testimony are inconsistent as to whether she was requesting 26 or 27 credit weeks, however, for purposes of the matter before this Court, the exact number is irrelevant.

[6] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987).

4

The "failure to file an appeal within 15 days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *United States Postal Service v. Unemployment Compensation Board of Review,* 620 A.2d 572, 573 (Pa. Cmwlth. 1993). However, if a delay in filing the appeal is caused by extraordinary circumstances involving fraud, breakdown of the administrative process, or non-negligent conduct, either by the appellant or a third party, an appeal *nunc pro tunc* may be permitted. *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1131 (Pa. 1996).

Our Supreme Court has explained that a breakdown in the administrative process occurs "where an administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Union Electric Corp. v. Board of Property Assessment*, 746 A.2d 581, 584 (Pa. 2000). As explained by the Board, Employer's error does not constitute administrative breakdown for purposes of Section 501(e) because Employer is not an administrative board or body. *See Pickering v. Unemployment Compensation Board of Review*, 471 A.2d 182, 183-84 (Pa. Cmwlth. 1984) ("It is well settled that the appeal process will be extended only where it can be shown that the *compensation authorities* have engaged in fraudulent conduct or its equivalent, *i.e.*, wrongful or negligent conduct." (emphasis added)). Moreover, in her testimony, Claimant admitted that she received the notice, but "didn't realize that it said 18 weeks." N.T. at 2. Misreading a determination is negligent conduct that does not warrant *nunc pro tunc* relief. *See Savage v. Unemployment Compensation Board of Review*, 491 A.2d 947, 949-50 (Pa. Cmwlth. 1985) (holding that misreading a hearing notice was negligence on the part of the claimant and did not constitute proper cause as a matter of law to justify the claimant's failure to appear at a referee's hearing). After careful review, we

conclude that there is sufficient evidence in the record to support the Board's findings that Claimant did not carefully read the notice and that it was Claimant's own negligence that resulted in the untimely filing of her appeal.[7]

Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

---

[7] Claimant further argues that her rights were violated because she was not permitted to file for the full amount of unemployment compensation benefits to which she was entitled. Because Claimant's appeal was untimely as the result of her own negligence, we need not address this issue.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shellie M. DiBello,        :
                                :
             Petitioner    :
                                :
          v.               : No. 1071 C.D. 2017
                                :
Unemployment Compensation   :
Board of Review,          :
                                :
           Respondent :

## O R D E R

AND NOW, this 5th day of September, 2018, the order of the Unemployment Compensation Board of Review, dated June 28, 2017, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shellie M. DiBello,                              :
          Petitioner                       :
                                          :
          v.                               : No. 1071 C.D. 2017
                                          : Submitted: December 22, 2017
Unemployment Compensation                        :
Board of Review,                                 :
          Respondent                       :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY PRESIDENT JUDGE LEAVITT          FILED: September 5, 2018

      Respectfully, I dissent.

      Shellie M. DiBello (Claimant), *pro se*, filed three unemployment claims involving two employers in a one-year period. Relevant here is the third claim that was filed on January 22, 2017. On January 25, 2017, the Unemployment Compensation (UC) Service Center issued a "notice of financial determination" stating that she qualified for "18 weeks of full benefits." Certified Record (C.R.), Item No. 2. In actuality, Claimant was entitled to 26 weeks of benefits, but Henderson Taylor Consulting[1] (Employer) had reported incorrect payroll information to the Department of Labor and Industry. When Claimant contacted Employer, it acknowledged its error and corrected the mistake. Claimant was then

---

[1] "Henderson" is also referred to as "Insurance Staff Consulting" in the record. It is a subsidiary of American Airlines, which merged with US Airways in 2015 and discontinued the US Airways brand name. The record cites US Airways, American Airlines and Henderson Consulting as having employed Claimant during the period from 2014 to 2016.

advised by the UC Service Center that she needed to file an appeal in order to have Employer's correction implemented.

Claimant appealed on April 13, 2017, more than two months after she received the UC Service Center's notice of financial determination that had started her benefits. The Referee dismissed her appeal as untimely, and the Board affirmed.

The hearing was attended only by Claimant. She testified that in early 2016, she and five other people lost their jobs with US Airways. All six were called back to work from March through December 2016, with Henderson as the named employer. By happenstance, Claimant later learned that the other employees who had applied for unemployment benefits had been awarded 26 weeks. Claimant contacted Employer, and it corrected its mistake with the Department of Labor and Industry. Indeed, the Referee acknowledged Employer's correction, stating: "[W]e have this. It looks like you're in for all four quarters at 26 weeks." Notes of Testimony, 5/5/2017, at 6 (N.T. ___).

The Referee explained to Claimant that "we don't ever question what employers give us." N.T. 6. She further stated to Claimant that it is "a completely automated system. Our computer just takes what their computers give us and do [sic] all the calculations and put [sic] together the … printout." N.T. 7. It even "prints the information onto the Financial Determination and mails it, so we never even see it." N.T. 7.

Before this Court, Claimant challenges the dismissal of her appeal and the refusal of the Department of Labor and Industry to correct Employer's mistake. Claimant, who has done nothing wrong, has been denied the benefits to which she contributed over the course of her 28 years of employment with US Airways. Her

entitlement to 26 weeks of benefits has been conceded by Employer, the Referee and the UC Service Center.

The Board held that Claimant was not entitled to appeal *nunc pro tunc* because she was negligent. It based this conclusion on Claimant's statement to the Referee that she did not "realize that [the notice] said 18 weeks." N.T. 2. This was one remark by Claimant in a long and somewhat rambling narrative about her employment history of 28 years and her lack of experience in dealing with the unemployment compensation system. Claimant also stated that she believed the severance pay she had received at the time of her initial separation from US Airways and waiting period had affected her claim. N.T. 2. Rather than elicit information from Claimant to explicate what she "realized," the Referee chose to give the most negative construction to the word "realize." Claimant did not testify that she did not carefully read the notice; rather, she stated that she did not realize, or appreciate, that it contained a mistake. Claimant explained that when she read the notice, she thought, "Oh, I'm getting paid." N.T. 6.

The Referee had a responsibility to elicit information from Claimant about the matter at hand, which was whether Claimant was entitled to a *nunc pro tunc* appeal. 34 Pa. Code §101.21(a).[2] The Referee made no attempt in this regard. She simply fixed on one statement by Claimant to deny her a *nunc pro tunc* appeal.

The notice of financial determination stated that Claimant was being awarded the "maximum benefit entitlement" of "$10,988." C.R., Item No. 2. The

---

[2] It states:

> In a hearing the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of its official duties.

34 Pa. Code §101.21(a).

notice did not describe this award as a reduction in benefits from 26 weeks to 18 weeks. As the Referee explained, employers provide the data used to prepare a notice of financial determination automatically. However, the notice of financial determination did not convey either of these important facts or inform Claimant that she was responsible for the accuracy of Employer's work.

Claimant did not act negligently. Employer did. When Claimant discovered the mistake, she acted promptly to have Employer's error corrected and followed the UC Service Center's directive to appeal.

*Garza v. Unemployment Compensation Board of Review*, 669 A.2d 445 (Pa. Cmwlth. 1995), established that the Department has the "inherent" right to issue a "revised determination" based upon the employer's new information. *Id.* at 447. *Garza* limited the time period for making this revision to 15 days after issuance of a written notice of determination on the substantive merits of a claimant's eligibility. However, *Garza* did not establish this deadline for a notice of financial determination, which is the type of determination at issue here.

The Department treats a "notice of determination" as one that determines eligibility on substantive grounds. *See Narducci v. Unemployment Compensation Board of Review*, 183 A.3d 488 (Pa. Cmwlth. 2018). By contrast, it considers a "notice of financial determination" not to be a "final determination" of eligibility. *Id.* at 491, 493 and 496. Stated otherwise, the "notice of financial determination" is preliminary to the substantive, or merits, determination made by the issuance of the "notice of determination." As a consequence of the 2011 amendments to the Unemployment Compensation Law,[3] the "Department has no

---

[3] Section 302.1 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Session, P.L. (1937) 2897, *as amended*, added by the Act of June 17, 2011, P.L. 16, 43 P.S. §782.1. It allowed a "relief from charges" to be filed on grounds that the claimant was, in actuality, not

time limit to make a revision to an eligibility determination based on employer's information." *Id.* at 496.

*Garza* and its progeny are distinguishable. First, these cases involved a merits determination on eligibility as opposed to the correction of an arithmetic error. Second, they involved a denial of benefits as opposed to their grant, as is the case here. Third, none involved a case where, as here, the Department refuses to act upon the employer's request to issue a revised determination in favor of the claimant.

I disagree that a notice of financial determination cannot be revised after 15 days to reflect the actual data in the Department's system put there by the employer. The notice of financial determination is not a "final determination." *Narducci,* 183 A.3d at 493. To foreclose the correction in the instant circumstance raises serious due process concerns, given Claimant's property interest in her unemployment benefits.

In any case, this record abounds with confusion. The UC Service Center directed Claimant to appeal without telling her that it was too late, and Claimant's notice of financial determination stated that she was getting "full benefits." C.R., Item No. 2. In actuality, the notice denied her eight weeks of benefits. As this Court has explained, if "the claim is not facially valid, then a notice of determination is issued from which a claimant can take an appeal." *Narducci*, 183 A.3d at 496. Claimant never received this "notice of determination" that her claim for 26 weeks was not facially valid. These facts demonstrate a breakdown in the administrative system sufficient to allow a *nunc pro tunc* appeal.

---

eligible for the benefits she had received. Accordingly, the Department will reverse payments of unemployment benefits long after the fact by the issuance of a "notice of determination." *See, e.g., Ruffner v. Unemployment Compensation Board of Review,* 172 A.3d 91 (Pa. Cmwlth. 2012).

I would vacate the Board's adjudication and remand to allow Claimant's appeal to proceed *nunc pro tunc*.

_____
MARY HANNAH LEAVITT, President Judge

MHL-6